**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RAMON HOSEA McGRAW**  **PLAINTIFF**
**ADC #142102**

**V.**                                    **4:10CV01846-WRW**

**JAMES M. MOODY**                        **DEFENDANT**

**ORDER**

Plaintiff, currently incarcerated at the Arkansas Department of Correction's Tucker Maximum Security Unit, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, (Doc. No. 1), on November 23, 2010, naming as a Defendant United States District Judge James M. Moody.

**I.    SCREENING**

Before docketing the complaint, or as soon thereafter as practicable, the court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.[1]  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*,[2] the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."[3]  A complaint must contain

---

[1] *See* 28 U.S.C. § 1915A.

[2] 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).

[3] *Id.* (Citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).

1

enough facts to state a claim to relief that is plausible on its face, not merely conceivable.[4] *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally.[5]

## II. ANALYSIS

### A. Recusal

Although no recusal request has been filed, I raise the issue *sua sponte* of whether I should recuse from hearing a case involving a fellow district court judge. Under 28 U.S.C. § 455(a), "[a]ny Justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The inquiry under §455(a) is "one of objective reasonableness."[6] The test for disqualification is whether a reasonable person with knowledge of the facts and circumstances might question a judge's impartiality.[7] Applying this test, it is clear that a reasonable person with knowledge of the facts and circumstances would not question my impartiality. Based on this, I do not see a need to recuse myself from this case.

### B. Immunity

In his complaint, Plaintiff asserts that Judge Moody improperly dismissed a prior lawsuit. However, Judge Moody is immune from suit, and Plaintiff has therefore failed to state a claim upon which relief may be granted.

"Judges performing judicial functions enjoy absolute immunity from § 1983 liability."[8]

---

[4]*Id.* at 570.

[5]*Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir.2002) (citations omitted).

[6]*Lunde v. Helms*, 29 F.3d 367, 370 (8th Cir. 1994).

[7]*Id.*

[8]*Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir.1994).

Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages.[9] The evaluation whether an act of a judge can be considered "judicial" is dependent on the nature of the act itself – whether the act is a function normally performed by a judge in his judicial capacity.[10] Entering an order to dismiss a lawsuit is certainly an act normally performed by a judge in his judicial capacity. Accordingly, Plaintiff's complaint must be dismissed.

## CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 7th day of December, 2010 (Pearl Harbor Day).

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[9]*Mireless v. Waco*, 502 U.S. 9, 11 (1991).

[10]*See Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).